[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the CUTPA claim against it, ERA Northern Realty, as alleged in the second count of the complaint. The first count of the complaint alleges that this defendant was the agent employed by the plaintiff to sell their home in Woodstock, Connecticut. The plaintiffs' claim that the defendant ERA, as agent, arranged for a sale contract between the plaintiffs and the defendant Bell, which contract contained a mortgage contingency. The pleadings reveal that there is a dispute between the plaintiffs and Bell as to whether the mortgage contingency was satisfied.
A five thousand dollar deposit is held by defendant ERA in connection with this contract. As best the court can discern it appears that ERA is being sued for failure to turn over the deposit to the plaintiffs, claiming that this is a breach of contract and a violation of CUTPA.
The defendant, in its motion to strike the CUTPA claim, takes the position that a single act of misrepresentation or a breach of a duty does not constitute a CUTPA violation as a matter of CT Page 4176 law." Although there is a diversity of opinion among the Superior Court decisions on this subject of a single act, the majority of the rulings have held that a CUTPA claim may be based on a single unfair or deceptive act. See Yost v. A-1 Oil Company, No. CV 97 63256 S March 16, 1998, J.D. Tolland at Rockville, and the numerous cases cited therein in support of the viability of a single act, as being capable of constituting a violation of CUTPA.
The defendant's second assertion is that a simple breach of contract does not in an of itself constitute a violation of CUTPA. Although it may be said that the same facts which establish a breach of contract claim may be sufficient to establish a CUTPA violation, yet the evidence must be such as establishes that the defendants intentionally engaged in unfair or deceptive acts or trade practices in dealing with the plaintiffs. Lester v. Resort Campland International. Inc.,27 Conn. App. 59, 71 (1992). See also Jacobs v. Healy Ford-Subaru,Inc., 231 Conn. 707, 729 (1995) wherein the Supreme Court reaffirms the necessity of establishing unfairness, deception or oppression.
The facts as alleged in the complaint do not set forth a claim of unfairness or deception or being oppressive. At best they claim that the defendant, as the escrow agent for the parties, has not turned over the deposit to the plaintiffs, in the midst of the dispute between plaintiffs and the defendant. However, the prospect of a possible dispute is the precise reason why parties choose to have deposit funds held in escrow.
The facts, as pleaded, fall far short of alleging aggravating circumstances as are necessary to support a CUTPA claim. Consequently the motion to strike the second count of the complaint, CUTPA, is granted.
L. Paul Sullivan, J.